UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MICHAEL W. TOMLIN & MARILYN B. TOMLIN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  No. 5:22-cv-00200-DCR-MAS |
| CITY OF EUBANKS & BOBBY DAWS, | ) ) ) ) |
| Defendants. | ) |

**OPINION & ORDER**

Plaintiff Michael Tomlin ("Tomlin")[1] has filed a Motion to Strike all affirmative defenses listed in Defendants City of Eubanks and Bobby Daws' ("Defendants") joint Answer. [DE 14]. Defendants responded [DE 15] and Tomlin replied [DE 16]. The matter is now ripe. As detailed below, the Court denies Tomlin's motion.

I.  **ANALYSIS**

Tomlin argues that the Court should strike all of Defendants' affirmative defenses in their Answer because such defenses are neither detailed enough nor has Defendants established those defenses by a preponderance of evidence. Defendants counter that the affirmative defenses are properly pleaded per the fair notice pleading standard set forth in FED. R. CIV. P. 8.

---

[1] The motion at issue is captioned to suggest that both Plaintiffs Michael Tomlin and Marilyn Tomlin have so moved the Court. However, as correctly pointed out by Defendants [DE 15, Page ID# 121], Marilyn Tomlin did not sign the pleadings. Under FED. R. CIV. P. 11(a), if Marilyn Tomlin wants to make such a motion as a pro se party, she must sign the motion. Because she did not, the Court will construe the motion as only being filed by Michael Tomlin.

FED. R. CIV. P. 8(c)(1) holds that a party, in its answer, "must affirmatively state any avoidance of affirmative defenses." The issue raised by Tomlin is to what degree does Defendants need to detail those affirmative defenses in their Answer.[2] Tomlin wants detail and specificity; Defendants want a bare bones approach. As the Sixth Circuit has held, an affirmative defense need only be pleaded in general terms enough to provide fair notice of the defense. Here, Defendants have met that standard.

The Sixth Circuit squarely addressed this very issue in *Lawrence v. Chabot*, 182 Fed. App'x 442 (6th Cir. 2006). There, a magistrate judge's decision not to strike certain affirmative defenses at the trial court was challenged. The Sixth Circuit, affirming a prior decision in *Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998), held that "'[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense.'" 182 Fed. App'x at 456 (quoting 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1274 (3d ed. 2019).

Countless district courts in the Sixth Circuit have repeatedly upheld this conclusion. *See, e.g.*, *Artisan Estate Homes, LLC v. Hensley Custom Building Group, LLC*, No. 1:19-cv-566, 2022 WL 2915586, at *7 (S.D. Ohio July 25, 2022) ("Thus, the Court holds that simply stating the existence of an affirmative defense 'in general terms' is sufficient 'as long as it gives plaintiff fair notice of the nature of the defense,' and satisfies both the law

---

[2] In both his motion to strike and his reply, Tomlin asserts that Defendants must prove their affirmative defenses by a preponderance of evidence, something Defendants have not done to date. [DE 14, Page ID# 112-13; DE 16, Page ID# 144-45]. In many regards, Tomlin is correct. Defendants will likely be required to establish their affirmative defenses by preponderant evident just as Tomlin must establish his allegations by preponderant evidence. But that moment is not today. Both Tomlin's claims and Defendants' affirmative defenses will be tested to this measure at trial, something we are far from at this early stage.

and the spirit of Rule 8.") (internal citations omitted); *ZMCC Properties, LLC v. Primone Ins. Co.*, No. 19-12428, 2019 WL 11648517, at *2 (E.D. Mich. Dec. 19, 2019) ("Unlike in motions to dismiss a claim under Rule 12(b)(6), '[a]n affirmative defense may be pleaded in general terms and will be sufficient so long as it gives plaintiff fair notice of the nature of the defense.' The Sixth Circuit has denied a motion to strike when a defendant's affirmative defense was a one sentence conclusory statement that '[the] [p]laintiff's claims [were] barred by the doctrine of res judicata.'") (internal citations omitted); *Willis v. Phillips*, No. 1:18-cv-142, 2018 WL 5983562, at *2 (E.D. Tenn. Nov. 14, 2018) ("Under the current Sixth Circuit approach, '[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense.'") (internal citations omitted); *United States v. Associates in Eye Care, PSC*, No. 13-cv-27-GFVT, 2014 WL 12606508, at *1 (E.D. Ky. Nov. 14, 2014) ("The courts in the Eastern and Western Districts of Kentucky so far have chosen to use the more lenient fair notice standard for pleading affirmative defenses") (citing several authorities in support).

Tomlin does not discuss or cite any Sixth Circuit precedents in disagreement. Rather, Tomlin advocates that the Court should adopt the heightened pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). However, once again, courts have rejected this very request. For example, in *United States v. Associates in Eye Care, PSC*, a party seeking to strike an affirmative defense argued for the heightened pleading standard from *Iqbal* and *Twombly*. 2014 WL 12606508, at *1. Although the court noted that the Sixth Circuit has not squarely addressed if the heightened pleading standard would apply to affirmative defenses, "[t]he

courts in the Eastern and Western Districts of Kentucky so far have chosen to use the more lenient fair notice standard for pleading affirmative defenses." *Id*. The Court finds no reason to abandon that approach now.

## II.   CONCLUSION

For the reasons set forth above, Plaintiff Michael Tomlin's Motion to Strike All Affirmative Defenses Contained in the Answer of Defendants' Joint Answer to the Complaint [DE 14] is **DENIED**.

Entered this 4th day of November, 2022.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY